COBB, J.
The appellant, Tanya Renee Hudson, was convicted of manslaughter for the death of her infant child. She raises two issues on appeal. As to the first point, we find there was sufficient evidence to convict her of manslaughter. The second point, which is discussed below, deals with the admission into evidence of the existence of Hudson’s two prior abortions.
Hudson had concealed her pregnancy from her family, and gave birth prematurely and unassisted in her bathroom on June 6, 1997. She claimed the baby was stillborn as a result of the umbilical cord being wrapped around its neck. The child’s body was placed in pink plastic bags, as was the placenta. The bags were placed in a small insulated cooler and then the cooler was placed on a shelf in the closet of the home.
Hudson later met with her boyfriend, the father of the infant, Todd Davis, and explained to him that she was no longer pregnant. She concocted a story about utilizing a mid-wife who supposedly delivered and disposed of the stillborn baby. Davis was apparently angry about this and called Baptist Hospital in Jacksonville. Ultimately, Davis and Hudson went to the hospital where Hudson gave information and was examined. A nurse at the hospital called the Duval County Sheriffs Office since the whereabouts of the baby could not be ascertained. Officers arrived at the hospital and interviewed Hudson, who essentially gave the same story about the mid-wife. Additionally, Officer Hinson was told by Hudson that she had become pregnant by Davis in 1995 and that baby was aborted. The stated reason for the prior abortion was the ill-feeling between Davis and Hudson’s family. Later, Hudson told Officer Hinson that she had the baby by herself in the bathroom and indicated where the dead infant was located.
Ultimately, a grand jury returned an indictment for first degree premeditated murder by asphyxiation. Hudson filed several motions in limine, one of which *1015 objected to any reference to or evidence of prior abortions. All motions were denied after a hearing by the lower court. After trial, the jury convicted Hudson of manslaughter. At sentencing, Hudson was given 15 years in prison.
' Hudson’s motion in limine attempted to prevent the state from introducing a “highly inflammatory issue of abortion” at trial. The court allowed the evidence on the basis that it corroborated the state’s contention that Davis was not abusive towards Hudson and that he had been supportive of the 1995 decision to undergo an abortion. The court felt the defense opened the door by suggesting that Hudson had made up the mid-wife story because she was afraid of Davis’s reaction to the unassisted birth.
MRS. CHRISTINE [THE PROSECUTOR]: You had testified' — or you had ordered previously on the prior abortion evidence that it would be on a proffer and on a relevancy basis and basically, Judge, its our position in his opening yesterday, or in her opening, the defendant opened the door as to the prior abortion because she stated that, first off, that she made up the story about the mid-wife because she was afraid of Todd Davis and his reaction to her. I think that the jury should be able to know he had supported her decisions, he has supported her pregnancy in the past, that he took her to get an abortion in the past and that he paid for the abortion in the past. I think that is very relevant, and it casts out on the defendant’s credibility. Initially, Judge, her motivation for keeping this child was not that she wanted a baby, according to the testimony but that she didn’t want to go through another abortion. And Mr. Cushman’s had that. That’s all in discovery. That’s out of Mr. Davis’ deposition. And it’s the state’s position, Your Honor, that he has opened the door by getting up and telling the jury that.
THE COURT: Mr. Cushman?
MR. CUSHMAN: Your Honor, my response is that that is the motivation for Tanya being afraid of Todd Davis, was Todd Davis’ previous abuse. That no way opened the door.
THE COURT: I think she’s right, I think it did. I’m going to allow it. You got up there and talked about how he was abusive and that’s why she did what she did, and I think that she’s entitled to show the state’s entitled to enter the evidence to show that’s not, in fact, the case. You made that an issue. You made his conduct, his abusiveness, his alleged abusiveness an issue and they are entitled to show that he has been supportive of her in the past.
MR. CUSHMAN: Your Honor, we’re talking about events that happened in 1995. I suggest it’s remote. There is plenty of other testimony. That’s certainly not what I intended to do. I don’t think I did it. It’s still not material. It’s still not relevant. It’s more prejudicial than probative, especially a side issue of such things like that. We ask that it not be admitted.
THE COURT: Well, I’ve ruled on it. What else do we have?
Evidence of a second abortion was apparently allowed to impeach Hudson in regard to whether she was truthful in her answer to questions she answered and paperwork she filled out in regard to obtaining a pregnancy test at a family planning clinic in March of 1997.
In the instant case, Hudson is correct in asserting that the evidence was irrelevant and highly prejudicial. The initial motion in limine should have been granted. We cannot agree that a legal and medically supervised abortion in 1995 was relevant to corroborate that Davis was supportive of whatever Hudson might do in 1997 in relation to his baby. It is simply too remote in time. The rationale for admitting *1016 evidence of the second prior abortion is even less convincing.
Accordingly, we hold that the inflammatory evidence of two prior abortions certainly contributed to Hudson’s conviction and thus the trial court erred in allowing this evidence to be admitted.
REVERSED AND REMANDED FOR NEW TRIAL.
ANTOON, C.J., and PETERSON, J., concur.